[No. 4165.]

## STARBIRD V. DAVIS.

1. EVIDENCE—*Admissions.* The testimony of one party not contradicted by his adversary is admitted. (469.)

2. CONTRACT—*Construed.* Defendant employed plaintiff to find a purchaser for certain lands, live stock, and other chattels. Plaintiff produced purchasers with whom defendant entered into a contract to the effect that the purchasers should take possession and manage the properties, with power to sell the personalty, and, when paid a certain sum, defendant would convey an undivided interest, etc. Of the same date defendant executed a writing certifying that there was due plaintiff a sum specified, as commissions under this contract, payable at a certain rate per cent upon all sums which he should receive, etc., and "whenever said contract is canceled, or waived by me, I agree to pay any unpaid balance due." Defendant afterwards released the purchasers. *Held* that the whole commission became at once due and payable. (468, 470.)

*Error to Denver District Court.*   HON. J. W. SHEAFOR, Judge.

Mr. GEO. B. CAMPBELL, for plaintiff in error.

Messrs. MCKNIGHT & HENRY, Mr. CARLISLE FERGUSON, for defendant in error.

KING, J., rendered the opinion of the court.

For the purposes of this opinion, Frank B. Davis will be called plaintiff, and George A. Starbird defendant, as in the trial court.   Plaintiff brought suit on the following written instrument, executed and delivered by defendant:

"This is to certify that there is due F. B. Davis from me as commission on account of a contract of even date herewith between myself and Proctor Bros. of Verde, Colorado, the sum of eight hundred seventy-five dollars payable at the rate of 2½ per cent on all sums, whether cash or property, received by me on account of said contract.   Whenever said contract is cancelled or waived by me I agree to pay any unpaid balance due on this obligation, at once.

In token whereof witness my hand and seal this 30th day of April, A. D. 1910.

Geo. A. Starbird (Seal)."

Plaintiff was a real estate agent, and was employed by defendant to procure a purchaser for certain lands, cattle and other property, owned by defendant. Plaintiff produced purchasers satisfactory to and accepted by defendant, in Proctor Brothers, and the "contract of even date" mentioned in the instrument sued on was a written contract of purchase and sale entered into by and between the defendant and Proctor Brothers.   Among other things it provided that Proctor Brothers take immediate possession of lands, cattle, horses and other property of defendant, and manage the same, with power to sell the personal property as provided

in the contract, and that when the sum of $35,000 should be received by Starbird, either from Proctor Brothers or from the sale of any part of said property, then he would convey to Proctor Brothers an undivided one-half interest in all the lands, and transfer an undivided one-half interest in all horses, cattle and equipment, not previously disposed of. Under that agreement Proctor Brothers took charge of the ranches, stock, etc., and, so far as appears carried out the contract for about seventeen months. After that time defendant released Proctor Brothers from their obligations, as evidenced by the following written entry made on the margin of the record of the agreement aforesaid:

"We mutually agree to release one another from this agreement.

George A. Starbird,<br>Proctor Brothers."

Defendant admitted the execution and delivery of the instrument on, but testified that it was understood between him and the plaintiff that the commission earned was to be paid only out of the moneys received or for property sold under the terms of the contract, and that nothing had been received by him; but his own testimony tended to show and would support a finding that he did receive from Proctor Brothers, or otherwise took and disposed of and retained proceeds from, a portion of the stock which, under the contract, they had a right to sell and apply on the purchase price. Plaintiff did not, on the trial, contradict defendant's testimony as to the understanding or agreement that the commission was to be paid to him out of cash or property received by defendant under the contract; so that will be taken as admitted. In that respect the written agreement and the oral testimony agree.

It is perfectly clear from the contract sued on, as supplemented by the oral testimony, that plaintiff was willing to accept his commission in installments, as paid on the contract of purchase and sale, provided defendant should not

release Proctor Brothers therefrom; but he insisted, that if defendant should cancel the contract, or waive its performance he should be liable for the entire commission and that condition was incorporated in the agreement sued on. Defendant having released Proctor Brothers, the whole amount of the commission became at once due and payable, under the express terms of that agreement. We discover no ambiguity in that instrument. So far as defendant's testimony of a parol contemporaneous agreement tended to contradict or vary that portion of the written instrument which fixed a liability upon him, in case he should cancel or waive the contract, it was incompetent and properly rejected by the trial court.

*Judgment affirmed.*